UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

IN RE: ARCADIA MOTORS, L.L.C.            CASE NO. 25-11050

--------------------------------------------------------------------------------------------------------------------

**DEBTOR'S RESPONSE TO LAWRENCE VAUGHN'S MOTION FOR DISMISSAL FOR CAUSE; RELIEF FROM AUTOMATIC STAY; ORDERS COMPELLING AMENDMENT AND CORRECTION OF SCHEDULES, TURNOVER, AND CLARIFICATION OF ESTATE PROPERTY; AUTHORIZATION FOR RULE 2004 EXAMINATIONS; ORDER TO SHOW CAUSE, SANCTIONS, AND REFERRAL; AND ALL RELATED AND EQUITABLE RELIEF (SUBMITTED WITHOUT ORAL HEARING)**

--------------------------------------------------------------------------------------------------------------------

NOW INTO COURT, through undersigned counsel, comes the above named debtor, who respectfully represents that:

*Parties*

1.

Lawrence Vaughn was at all times pertinent hereto one of the Members of Superior Automotive Group, L.L.C.

2.

Superior Automotive Group, L.L.C. was the "Manager" of Debtor under a Management Agreement between the Debtor and Superior Automotive Group, L.L.C. which was executed on behalf of Superior Automotive Group, L.L.C. by Lawrence Vaughn.

*History*

3.

The Management Agreement was dated and effective on March 15, 2024. Later, another document was created being captioned "Dealership Asset Purchase Sale Agreement." That document was never consummated.

4.

August 1, 2024, Debtor terminated the Management Agreement and requested

that Superior Automotive Group, L.L.C. return to it all of Debtor's assets and vehicles in the possession of Lawrence Vaughn and the other Member of Superior Automotive Group, L.L.C. Debtor also sought return of funds belonging to it from Superior Automotive Group, L.L.C.

5.

The Members of Superior Automotive Group, L.L.C., including Lawrence Vaughn, failed and refused to comply with the requests of Debtor. This resulted in litigation being filed in the Second Judicial District Court in and for Bienville Parish, Louisiana. This litigation includes a Petition for Accounting and a separate suit for Quo Warranto.

6.

Lawrence Vaughn was named, individually, as a party-defendant, along with Superior Automotive Group, L.L.C., in the litigation filed in Bienville Parish.

7.

The Bienville Parish litigation has not yet been resolved and is currently pending in the Court of Appeal for the Second Louisiana Court of Appeal. The Defendant's claims against Superior Automotive Group, L.L.C. and Lawrence Vaughn are claims of this Debtor's estate.

8.

Thomas Martin testified at the Meeting of Creditors, without contradiction, on behalf of the Debtor, that Lawrence Vaughn and the other Member of Superior Automotive Group, L.L.C. remained in possession of assets and automobiles owned by the Debtor.

9.

Lawrence Vaughn alleges there is no purpose to the filing of this case. He

however, fails to address or overlooks the Chapter 7 Trustee's Strong-Arm provisions [e.g. §§ 544, 547, 548], which are required in this case due to his actions.

10.

To the extent that Lawrence Vaughn alleges any claim for Superior Automotive Group, L.L.C., the same should be stricken from this record as that legal entity is not represented by counsel.

11.

Debtor shows that the 'Motion For Dismissal For Cause; Relief From Automatic Stay; Orders Compelling Amendment And Correction Of Schedules, Turnover, And Clarification Of Estate Property; Authorization For Rule 2004 Examinations; Order To Show Cause, Sanctions, And Referral; And All Related And Equitable Relief (Submitted Without Oral Hearing), [the "Motion"] filed by Lawrence Vaughn contains insufficient allegations of fact upon which any relief could be granted.

12.

The Motion contains several requests for relief which are contradictory, and all of which cannot be granted. It also fails to comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

13.

The Motion should be stricken from this record as merely being a strategic mechanism to avoid the liability claimed owed by its author.

**WHEREFORE, DEBTOR PRAYS** that the 'Motion For Dismissal For Cause; Relief From Automatic Stay; Orders Compelling Amendment And Correction Of Schedules, Turnover, And Clarification Of Estate Property; Authorization For Rule 2004 Examinations; Order To Show Cause, Sanctions, And Referral; And All Related And

Equitable Relief (Submitted Without Oral Hearing), filed by Lawrence Vaughn be denied for the reasons set forth herein.

**LAW OFFICE OF,**

**/S/ THOMAS R. WILLSON**
**THOMAS R. WILLSON (#13546)**
**1330 JACKSON STREET - SUITE C**
**ALEXANDRIA, LA 71301**
**PHONE NO. 318-442-8658**
**FAX NO. 318-442-9637**
**rocky@rockywillsonlaw.com**
**ATTORNEY FOR DEBTOR**

**CERTIFICATE OF SERVICE**

I hereby certify that this Response has been provided to the Chapter 7 Trustee, Lawrence Vaughn, at 133 Railroad Avenue, Mangham, La. 71259, and all parties in interest as set forth on the attached mailing matrix on the 2nd day of February, 2026.

**/S/ THOMAS R. WILLSON**
**THOMAS R. WILLSON**